WILLIAM F. NORTON, SURVIVING PARTNER OF GUTHRIE & NORTON, Respondent, v. JAMES M. BOHART, Appellant.

Kansas City Court of Appeals, January 10, 1887.

CONTRACT—SALE OF CAPITAL STOCK OF A BANK WITH CONDITIONS—CASE ADJUDGED.—While the sale of the capital stock of the bank, in this case, would have carried with it all the property of the bank, it was entirely competent to sell the stock *on condition* that a certain sum should be paid for certain specified property of the bank; the vendor has the right to annex such condition to the sale of the stock. *Held*, that such a condition was clearly a part of the contract in this case.

APPEAL from Ray Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

Guthrie & Norton entered into the following contract with the defendant:

"Contract between James M. Bohart and A. T. Guthrie, and Wm. F. Norton, in regard to transfer of Platte County Bank to Guthrie and Norton.

"1.   G. & N. are to pay to J. M. B. capital stock and interest on same, $10,250.

"2.   J. M. B. is to obtain all the stocks in said bank and turn them over to G. & N.

"3.   G. & N. are to take the business of the bank as it stands—the bank building, furniture, fixtures, stationery, etc., $3,500.

"4.   Lathrop city scrip to be taken by J. M. B.

"5.   J. M. B. is to square the cashier's account.

"6.   J. M. B. is to take up or satisfactorily secure the Fielding Burnes and C. M. Johnson note, and to satisfactorily secure the Davis & Perry overdraft.

"7. This contract is to take effect February 14, 1883."

Guthrie & Norton complied fully with the contract on their part; they paid to Bohart the sum of thirteen thousand, seven hundred and fifty dollars. Bohart fully complied with the contract on his part, unless it be that he failed to do so in the matter hereinafter mentioned.

The Platte County Bank was a corporation duly created and existing under the laws of this state. The bank building was the property of the bank. The bank had paid for the building out of the bank's assets, viz., out of its original capital, its profits, or the money of its depositors. The price paid for the building was two thousand dollars, and it was estimated at that sum in the agreement to take "the business of the bank as it then stood—bank building, furniture, fixtures, and stationery. "The amount paid for the building was charged to the real estate account on the bank's books.

Guthrie & Norton demanded that Bohart balance the real estate account. This Bohart refused to do. This action was then instituted in the Platte circuit court, and on a change of venue the case was taken to the Ray circuit court.

The contract was not signed by any of the parties to it. The petition alleged that the names of the parties were written in the body of the contract by the parties themselves, and that in this manner the contractual relation between the parties was created. But about that it is immaterial, as the evidence of both parties to this suit clearly established that the contract as written was the contract as made.

There was no pretense of fraud or mistake. The plaintiff said, in testimony, "there was no concealment by the defendant of any kind concerning the accounts or business of the bank, or its assets or liabilities. I knew all the assets of the bank." He also said that he

knew that the real estate account was charged with two thousand dollars. He said, too, that the written contract was the contract between the parties, that it "is my understanding of the trade."

The petition is not as plain and clear as it might be. The object of the suit is sufficiently clear, it is to recover from the defendant the sum of two thousand dollars. The defendant insists that the ground on which the right to this recovery is based in the petition is, that under the contract it was the duty of. the defendant to balance the real estate account, that is, to pay into the bank the sum of two thousand dollars to the credit of that account. The petition is susceptible of such a construction. But it is agreed by the counsel for plaintiff that the right to recover is based upon the payment by Guthrie & Norton, by mistake, of too much, by two thousand dollars, for the bank building.

The court gave for the plaintiff, among others, the following instruction:

"That if the jury find from the evidence that the defendant sold to Guthrie & Norton the Platte County Bank, and that the paid up capital of said bank was the sum of $10,000, and find that in said sale the capital stock was sold at the price of $10,250, to said Guthrie & Norton, and find that in said sale the bank building, furniture, fixtures and stationery was sold at the price of $3,500, and that in said sale the bank building was estimated at $2,000, and the furniture and fixtures at the sum of $1,500, and find that the bank building was paid for out of the assets of said bank; and further find that at the time of said sale the assets of said bank were not in excess of the liabilities of said bank to the depositors, and further find that in closing said purchase, and in making the transfer of said bank defendant failed to make such entries on the books of said bank as were necessary to make the accounts of said bank conform to said sale, and that by reason of such failure the said Guthrie & Norton

became liable for and paid the sum of $2,000 in excess of the contract price of said bank, and further find that the said defendant failed to pay the said sum of $2,000 to balance the real estate account of said bank, then the jury will find for the plaintiff the sum of $2,000, with six per cent. interest thereon from the time demand of payment thereof was made by said Guthrie & Norton upon said defendant."

The jury found for the plaintiff, and judgment was so entered. The defendant has appealed to this court.

THOS. J. PORTER and KARNES & Ess, for the appellant.

I. The petition states no cause of action. There is no mistake in the contract as shown in the petition; none is alleged. There is no allegation of fraud or concealment. It is not pretended, in the petition, that plaintiff paid to defendant more than the amount agreed to be paid to him.

II. A corporation is an artificial being. The real beneficiaries are the stockholders; the property of a corporation belongs to the stockholders. The real estate of the Platte County Bank, its furniture, its business, its fixtures, and stationery, belonged to the stockholders. By the contract set out in the petition, and by the petition, plaintiffs were to become sole stockholders, and in addition they were to pay for the business as it stands—its real estate, its furniture, fixtures, and stationery—thirty-five hundred dollars.

III. The written contract is plain without any ambiguity or mistake. The evidence don't add, and cannot add, an obligation outside of the terms of the contract. Bunce v. Beck, 43 Mo. 266; Burress v. Blair, 61 Mo. 141; Jones v. Shaw, 67 Mo. 669.

IV. There is no pretense in the petition, or evidence, that part only of the contract was reduced to writing; or that there was concealment of any kind

concerning the accounts or business of the bank, or its assets, or liabilities.

V. There was error in the admission of testimony for the plaintiff, which was objected to as incompetent, irrelevant, and immaterial, but the objections were over-ruled and defendant excepted. It was asking the witness to infer from assumed facts. Plaintiffs could stipulate to pay for the real estate to defendant two thousand dollars, and did so stipulate and pay.

VI. The instruction *given* for *plaintiff* was erroneous. It is not in pursuance of the pleadings. It has no evidence to support it. It is not the law, even if there was evidence to support it, and, even if the pleadings would authorize it, it is not intelligible and confuses the jury. *Crole v. Johnson*, 17 Mo. 332 ; *Belt v. Wade*, 31 Mo. 130 ; *Young v. Ridenbaugh*, 67 Mo. 574.

VII. The court erred in *refusing* instruction asked for *defendant*, to the effect that the *contract* represents the obligations of the parties to the suit, and if defendant performed his part of it according to its terms, the jury must find for defendant. Defendant was entitled to this instruction, and the court erred in refusing to give it as asked, and erred in modifying it. So as to the other instructions asked and refused to defendant.

VIII. When there is no evidence on an issue it is error to give an instruction on the matter. *Doehling v. Loos*, 45 Mo. 150 ; *Harper v. Railroad*, 44 Mo. 488 ; *Nugent v. Curran*, 77 Mo. 328 ; *Railroad v. Murdock*, 62 Mo. 73.

R. P. C. WILSON, NORTON B. ANDERSON, STEPHEN C. WOODSON, and JAS. F. MISTER, for the respondent.

I. The petition states clearly a substantial cause of action. The answer admits it, and by *its terms* shows a *double* payment for the bank building. The petition is certainly good after verdict, and judgment is a bar to another action. *Lemon v. Chanslor*, 68 Mo. 340 ; *Cor-*

*penny v. Sedalia*, 57 Mo. 88 ; *Pomeroy v. Benton*, 57 Mo. 88 ; Rev. Stat., sect. 35_2 ; *Moberly Association v. True*, 79 Mo. 193.

II. There is no variance between the pleadings and the evidence, but rather an essential accordance. But if there is, defendant is in no condition to complain of it. Rev. Stat., sect. 3565 ; *Blair v. Corby*, 29 Mo. 481 ; *Myer v. Chambers*, 68 Mo. 626 ; *Clements v. Maloney*, 55 Mo. 352 ; *Wells v. Sharp*, 57 Mo. 56 ; *Ely v. Porter*, 58 Mo. 158.

III. The law was properly declared to the jury, and the verdict was for the right party, and a new trial would lead to the same result. There is no ground for reversal in the instructions. *Moore v. Sanborin*, 42 Mo. 490 ; *Karle v. Railroad*, 55 Mo. 476 ; *Edwards v. Cary*, 60 Mo. 572 ; *Henschen v. O'Bannon*, 56 Mo. 289 ; *Otto v. Bent*, 48 Mo. 23 ; *Nelson v. Foster*, 66 Mo. 381 ; *Galbreath v. Moberly*, 80 Mo. 4.4 ; *Morris v. Railroad*, 79 Mo. 368 ; *Hoskinson v. Atkins*, 77 Mo. 537 ; *Garesché v. Directors, etc.*, 76 Mo. 332 ; *Hodges v. Black*, 76 Mo. 537 ; *Lewis v. Curry*, 74 Mo. 49 ; *Cartwright v. Culver*, 74 Mo. 179.

IV. Where the writing does not exhibit on its face, or purport to be, a complete expression of the entire contract between the parties, parol evidence is admissible to explain and supply omissions. *Ellis v. Bray*, 79 Mo. 238 ; *Lash v. Parlin*, 78 Mo. 391 ; *Life Association v. Cravins*, 60 Mo. 390 ; *Beck v. Beck*, 43 Mo. 266–280 ; 1 Greenl. Evid. (4 Ed.) sect. 284*a ;* *Brewster v. Countryman*, 12 Wend. (N. Y.) 446 ; *Richardson v. Hooper*, 13 Pick. (Mass.) 446.

V. The bank building was owned by the stockholders, and was sold and paid for in the purchase of the stock ; and the including of it in a larger item, a *second* time, even *if so intended* (which it could not have been honestly), was without consideration, and void. The payment for *the second time* was under a mistake of facts, and both parties were mutually in

error. *Lyle v. Shinnebarger*, 17 Mo. App. 75 ; *Koontz v. Bank*, 51 Mo. 295 ; *Fraker v. Little*, 24 Kas. 598 ; *School Directors v. Boonsboro*, 83 Ill. 17 ; *Hanson v. Jones*, 20 Mo. App. 596 ; *Cole Bros. v. Wiedmair*, 19 Mo. App. 7 ; *Wright v. McPike*, 70 Mo. 175.

VI. The court did not err in *refusing* to give instruction asked by *defendant* at close of plaintiff's evidence, in the nature of a demurrer to the evidence. The evidence of the plaintiff shows a case of undoubtedly legal claim, based on the most absolute grounds of right and justice. Essential issues must not be ignored. *Henry v. Bassett*, 75 Mo. 89.

VII. The instruction given for plaintiff is not subject to the objections interposed by defendant, which are, at best, strained and technical. It was best understood by being expressed in ordinary and popular language, and nothing was left to conjecture. Such instructions have been approved and sanctioned in this state. *Cooper v. Johnson*, 81 Mo. 490 ; *Nelson v, Foster*, 66 Mo. 384 ; *Browne v. Insurance Co.*, 68 Mo. 139 ; *Bradford v. Floyd*, 80 Mo. 207.

VIII. The judgment should be affirmed with ten per cent. damages, since the record shows that the appeal is without merit, and was taken for vexation. *Bonnell v. Express Co.*, 45 Mo. 423 ; Rev. Stat., sect. 3777.

HALL, J.—The difference between plaintiff and defendant as to the ground upon which the plaintiff's right to a recovery is based is immaterial. It matters not whether the ground of such right is as stated by plaintiff, or is as stated by defendant. The right to recover is, in fact, based upon the contract entered into between Guthrie & Norton and the defendant, and depends upon the proper construction of that contract.

It is very clear that the contract did not require the defendant to settle and balance the real estate account of the bank. The contract in express terms required the defendant to settle and balance certain accounts of

the bank other than the real estate account. The expression of such requirement in the contract, as to the accounts named, excluded all other accounts of the bank from such requirement. The plaintiff, therefore, cannot recover on the ground that the defendant was required by the contract to settle and balance the real estate account of the bank.

The question in the case, then, is, did the plaintiff pay too much for the bank building by two thousand dollars, by mistake, under a proper construction of the contract?

To sustain an affirmative answer to the latter question the counsel for plaintiff argues as follows : ''The bank building was a part of the property of the bank, and was owned by the stockholders instead of the two thousand dollars which it cost, the building having been paid for out of the money of the bank belonging to the stockholders, and the building was, therefore, sold in the sale of the capital stock.

''The specific mention of the building, as separate from the stock, was to provide for the real estate entry on the books of the bank, of two thousand dollars, which should be deducted from the ten thousand two hundred and fifty dollars for the stock, because the stock was eight thousand two hundred and fifty dollars in money, and two thousand dollars in the bank building. As the bank building was bought and paid for in the purchase of the capital stock, the real transaction was for the aggregate of eleven thousand seven hundred and fifty dollars, or ten thousand two hundred and fifty dollars for the stock (which represented also the ownership of the bank building), and fifteen hundred dollars for the furniture, fixtures and stationery ; and the including of it the second time in the thirty-five hundred dollar item was a manifest inadvertence, overlooked by both parties, unless it was to be immediately repaid to Guthrie & Norton to balance the real estate account.''

The contract was not a contract for the mere sale of

the capital stock of the bank by the defendant to Guthrie & Norton. The above argument made by the counsel for plaintiff is, therefore, fallacious, it being founded upon the assumption that the contract was such a contract. That the contract was not such a contract is clear for several reasons. The obligations of each party to the contract are made different from what they would have been had the contract been such a contract. Because it is not only true, as is agreed for plaintiff, that the sale of the capital stock of the bank would have carried the bank building, but such sale would also have carried the entire property of the bank, both real and personal, including the furniture, fixtures and stationery. And, besides, had the contract been a contract for the mere sale of the capital stock of the bank, the defendant would not have been obliged to pay any of the liabilities of the bank, or to guarantee the solvency of any of its assets.

While the sale of the capital stock of the bank would have carried with it all of the property of the bank, it was entirely competent for the defendant to sell the stock to Guthrie & Norton on condition that they should pay a certain sum for certain specified property of the bank. The defendant had the right to annex such condition to the sale of the stock. Such condition was clearly a part of the contract in this case.

One of the conditions was that Guthrie & Norton should pay thirty-five hundred dollars for "the bank building, furniture, fixtures, stationery, etc." Another condition was that the defendant should take certain of the bank's assets, the Lathrop city scrip; that he should "square the cashier's account;" "and that he should take up or satisfactorily secure the Fielding Burnes and C. M. Johnson note, and that he should satisfactorily secure the Davis & Perry overdraft." The obligations and rights of the parties to the contract were not left to be determined by the relation borne by them to the stock, but they were fixed and settled by the

terms of the contract. And in this action, which is to enforce the contract, the terms of the contract must control.

The argument made by counsel for plaintiff applies with as much force to the furniture, fixtures, and stationery of the bank as it does to the bank building. The former were also the property of the bank, and as such belonged to the stockholders, and had been paid for out of the bank's money.

There is apparent no reason why Guthrie & Norton should, under the contract, pay for the furniture, fixtures, and stationery, and not also for the bank building. We have seen that their liability to do so did not depend upon the settlement and balancing of the real estate account of the bank by the defendant. It is also clear that such liability did not depend upon the assets of the bank exceeding its liabilities, from the terms of the contract no such conclusion can be drawn.

We hold that this is a suit to enforce a contract; that under the contract the defendant did not have to settle or balance the real estate account of the bank; that under the contract the firm of Guthrie & Norton had to pay two thousand dollars for the bank building, without regard to the condition of the real estate account of the bank, or the amount of the assets of the bank; and that, therefore, the claim of the plaintiff is without merit.

The judgment is reversed and the cause remanded. Ellison, J., concurs; Philips, P. J., not sitting.